RTP:NR/MCM
F. #2019R00933

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    - against -<br><br>MARUF ALAM,<br>    also known as "Mitu Maruf,"<br><br>            Defendant. | I N F O R M A T I O N<br><br>Cr. No. <u>19-CR-342 (AMD)</u><br>(T. 18, U.S.C., §§ 981(a)(1)(C), 1343<br>  and 3551 <u>et</u> <u>seq</u>.; T. 21, U.S.C.,<br>  § 853(p); T. 28, U.S.C., § 2461(c)) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

THE UNITED STATES ATTORNEY CHARGES:

INTRODUCTION

At all times relevant to this Information, unless otherwise indicated:

I.      <u>The Defendant and Relevant Individuals and Entities</u>

        1.      The defendant MARUF ALAM, also known as "Mitu Maruf," was a resident of Brooklyn, New York and an employee of the New York State Assembly. ALAM worked in various capacities for a New York State Assemblyperson (the "Assemblyperson"), whose identity is known to the United States Attorney, including as the Assemblyperson's Chief of Staff.

        2.      The New York State Board of Elections (the "NYSBOE") was a New York State agency responsible for enforcing New York State's election laws.

        3.      The defendant MARUF ALAM exercised <u>de</u> <u>facto</u> control of a campaign committee (the "Campaign Committee") known to the United States Attorney, which existed to support the Assemblyperson's various campaigns for elected office. The

Campaign Committee accepted contributions from individuals (the "Contributors") who provided funds to support the Assemblyperson's campaigns. Among other things, ALAM controlled the Campaign Committee's funds and had sole control of the Campaign Committee's bank account (the "Campaign Committee Account").

II.     The Defendant's Fraudulent Scheme

4.      From at least January 2012 through January 2019, the defendant MARUF ALAM engaged in a scheme to defraud the Campaign Committee and the Contributors. In furtherance of the scheme, ALAM caused others to solicit contributions to the Campaign Committee from potential Contributors via electronic mail. In these solicitations, Contributors were informed that contributions they made to the Campaign Committee would be used to benefit the Assemblyperson's campaigns.

5.      In fact, the defendant MARUF ALAM used some of those contributions for his own personal benefit. ALAM did not disclose his unauthorized expenditures from the Campaign Committee Account, including large cash withdrawals, to the Contributors.

6.      The defendant MARUF ALAM took additional steps to conceal his fraudulent scheme from the Contributors. Pursuant to New York State Election law, the Campaign Committee was required to make periodic filings with the NYSBOE to accurately disclose all contributions received, and expenditures made, by the Campaign Committee. ALAM submitted multiple filings via electronic mail to the NYSBOE that failed to disclose, among other things, (1) cash withdrawals that he had made from the Campaign Committee Account, and (2) other personal expenditures that he had made with Campaign Committee Account funds.

7.      In total, between approximately January 2012 and January 2019, the defendant MARUF ALAM made cash withdrawals and issued checks from the Campaign Committee Account for his personal benefit totaling approximately $80,000.

## WIRE FRAUD

8.      The allegations contained in paragraphs one through seven are realleged and incorporated as if fully set forth in this paragraph.

9.      In or about and between January 2012 and January 2019, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant MARUF ALAM, also known as "Mitu Maruf," did knowingly and intentionally devise a scheme and artifice to defraud the Campaign Committee and the Contributors, and to obtain money and property from them by means of one or more materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, did transmit and cause to be transmitted, by means of wire communications in interstate commerce, a writing, to wit: an electronic mail message sent on July 19, 2018, via interstate wire transmission, to the NYSBOE attaching a false Campaign Committee disclosure report.

(Title 18, United States Code, Sections 1343 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION

10.     The United States hereby gives notice to the defendant that, upon his conviction of the offense charged herein, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offense to forfeit any property,

real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offense.

11. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

  (a) cannot be located upon the exercise of due diligence;

  (b) has been transferred or sold to, or deposited with, a third party;

  (c) has been placed beyond the jurisdiction of the court;

  (d) has been substantially diminished in value; or

  (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

RICHARD P. DONOGHUE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

BY: _____
ACTING UNITED STATES ATTORNEY
PURSUANT TO 28 C.F.R. O.136